## Madison v. Ruzat et al.

*George W. Thompson* and *Winfield Baile*, for petitioner.

*Howard Richard* and *Gordon & Gordon,* for respondents.

TOAL, J., November 13, 1954.—This case involves a petition by defendants to strike off a judgment which was entered of record by plaintiff against defendants by confession and damages thereunder were assessed in the amount of $17,066.50, including interest in the amount of $319, and an attorney's collection fee in the amount of $797.50. The judgment was confessed under the terms of a written lease dated January 21, 1954, entered into by plaintiff as lessor and defendants as lessees, leasing premises 6450-52 Market Street, Upper Darby, Pa., for the term of six years with a rental of $225 per month for the first three years and $250 per month for the last three years. The lessees were given the right to exercise an option to lease the premises for a further term of four years from the expiration of the term previously entered into for a rental of $275 per month, by giving notice in writing, sent by registered mail, on or before August 31, 1959, to the lessor.

The lease provided in section (18(e)) for acceleration of rent in the event of a default under the terms and covenants of the lease. It provided also in section (20):

"If *the rent or rent treated as if in arrears and/or any charges hereby reserved as rent* shall remain unpaid on any day on which the same ought to be paid Lessee hereby empowers any Prothonotary or attorney of any Court of record to appear for Lessee in any and all actions which may be brought for *said arrears of rent or rent treated as if in arrears or charges reserved as rent* and . . . to confess judgment against Lessee *for all arrears of rent or rent treated as if in arrears* or *other charges reserved as rent* or *expense as aforesaid. . . .*" (Italics supplied.)

It provided also in section (27(d)) as follows:

522

"The word 'rent' shall include *the moneys specifically reserved as rent, all costs, expenses and damages which the Lessor may suffer or incur by reason of any default of the Lessee* or failure on his part to comply with the covenants, terms or conditions of this lease, and *all other sums of money which by virtue of this lease shall at any time or times become due and owing by Lessee to Lessor.*" (Italics supplied.)

Paragraph 45 of the lease provides as follows:

"Lessee hereby agrees to *deposit* with Lessor *at the time of signing this lease* the sum of Seven hundred Fifty Dollars ($750.00) *as a guarantee* for the faithful performance of all the terms and conditions of this lease, *which sum,* without interest if the Lessee shall have complied with all the terms and covenants and conditions of this lease, *shall be applied on account of the minimum rental for the last Three (3) months of the term of this lease.* In the event of the renewal or the extension of this lease, *the said security shall continue to be held by the Lessor* and shall be applied on account of the minimum monthly rental for the last Three (3) months of the term of the lease as renewed or extended." (Emphasis supplied.) The averment of default under which judgment was confessed in this matter states the following: "*that the . . . plaintiff entered into a lease agreement . . . with the . . . defendants; that said defendants have defaulted in the terms of said agreement in that they have failed to make the full payment of security deposit called for in paragraph 45 of the attached lease due on* January 21, 1954." (Italics supplied.)

There is no other default averred against defendants, and therefore the entry of a confessed judgment and assessment of damages thereunder, must stand or fall upon this averment alone.

The question involved in the case may be stated as follows: *Did the plaintiff have the right to confess*

*judgment against defendants because they failed to deposit with plaintiff the sum of $750 as a security deposit?*

A confessed judgment could be entered only as specified in the lease agreement and for no other reason. An examination of the section of the lease agreement, namely section 20, under which a confessed judgment may be entered, discloses that a judgment may be confessed for the following defaults: (a) failure to pay rent or rent treated as if in arrears on the day on which same ought to be paid; (b) failure to pay any charges reserved as rent by the terms of the lease agreement on the day on which same ought to be paid.

Section (27(d)) defines rent as follows: (a) The moneys specifically reserved as rent; (b) all costs, expenses and damages suffered by lessor resulting from any default of the lessee or his failure to comply with the covenants, terms or conditions of the lease; (c) all other sums of money which by virtue of the lease shall at any time or times become due and owing by lessee to lessor.

Can it be said that the $750 to be deposited as security and a guarantee is money reserved as rent? The answer is patently no. Is it costs, expenses and damages suffered by lessor resulting from any default of lessee? The answer must be in the negative. And finally, is it a sum of money which by virtue of the lease is due and owing to lessor? The answer is also no. By the very terms of the provisions of paragraph 45, the money is a sum to be deposited with the lessor in escrow as a guarantee or security.

The deposit of the money as security was to have been made at the time of the signing of the lease. Apparently the lessor permitted the lessee to enter into the lease agreement and to take possession of the rented premises without first having made the deposit

as security. By doing this, we are of the opinion that the making of the deposit was waived by the conduct of the parties. To permit a confessed judgment to stand based on the averment that failure to make the deposit was a default entitling lessor to such a confessed judgment would certainly be unconscionable.

Section 1 of the A. L. I. Restatement of the Law of Security states:

"A pledge is a security interest in a chattel or in an intangible represented by an indispensable instrument, the interest being created by a bailment for the purpose of securing the payment of a debt or the performance of some other duty."

The deposit or agreement to deposit the sum of $750 clearly qualifies as a pledge as thus defined and under the language of paragraph 45 of the lease which specifically states the deposit is a "guarantee for the faithful performance of all the terms and conditions of this lease. . . ." It is not money *due* and *owing*. It may be that the lessor has some legal remedy to obtain the making of the deposit even now. However, there is no authority contained in the lease for confessing judgment in an amount equal to the rents for the balance of term because of failure by the lessee to make said deposit. The confessed judgment must be stricken off. Accordingly the following is made:

## Order

And now, November 13, 1954, a petition having been filed by defendants to strike off a certain judgment entered against them by confession which is the subject of this case, and said matter having been duly argued before the court en banc and consideration having been given thereto by the court, it is hereby ordered and decreed as follows:

The confessed judgment be and the same is hereby stricken from the record.